[Cite as *State v. Dellagnese*, 2015-Ohio-4349.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JOHN DELLAGNESE

    Appellant

C.A. No.    27492

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    13 TRC 17190

DECISION AND JOURNAL ENTRY

Dated: October 21, 2015

---

MOORE, Judge.

{¶1}  Appellant, John Dellagnese, appeals the trial court's order denying his motion to suppress evidence.  This Court affirms.

I.

{¶2}  On October 31, 2013, a motorist called 911 to report that a champagne colored Range Rover was driving erratically on West Market Street westbound from Akron toward Fairlawn.  The motorist supplied the dispatcher with a description of the vehicle and the license plate number.  Officer Daniel Reilly heard radio traffic related to the 911 call, located the Range Rover, and approached the driver in the parking lot of a McDonald's.  Mr. Dellagnese, the driver of the Range Rover, was charged with driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and driving with a prohibited blood alcohol content in violation of R.C. 4511.19(A)(1)(d).

{¶3}	Mr. Dellagnese moved to suppress evidence gained as a result of the traffic stop. After the trial court denied the motion, Mr. Dellagnese pleaded no contest to the charge of violating R.C. 4511.19(A)(1).  The trial court found him guilty and sentenced him to a jail term of 180 days with all but three days suspended. The three days were ordered to be served in an intervention program.  The trial court also fined Mr. Dellagnese $375 and suspended his driver's license for six months.   The remaining charge was dismissed.  Mr. Dellagnese appealed.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT [MR. DELLAGNESE]'S MOTION TO SUPPRESS FILED ON DECEMBER 27, 2013 WHEREIN [MR. DELLAGNESE] MOVED THE COURT TO SUPPRESS ANY AND ALL EVIDENCE GATHERED BY THE POLICE AS A RESULT OF THE STOP, ARREST, AND DETENTION OF [MR. DELLAGNESE], IN VIOLATION OF [HIS] DUE PROCESS RIGHTS, AS PROTECTED BY THE UNITED STATES CONSTITUTION AMEND VI AND OHIO CONSTITUTIONAL [*SIC*] ARTICLE 1 § 10.

{¶4}	Mr. Dellagnese's assignment of error challenges the trial court's decision in two respects: he argues that the trial court's conclusion that the 911 caller was an identified citizen informant was not supported by competent, credible evidence and, in the alternative, that if the evidence does support that conclusion, the trial court erred as a matter of law by determining that the weight and reliability of the tip justified the investigatory stop.  We disagree.

{¶5}	An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact.  *Id*.; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2nd Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994).   "Accepting these facts as true, the appellate court must then

independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Burnside* at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶6} The investigatory stop of an automobile is a seizure for purposes of the Fourth Amendment and, consequently, must be based on a law enforcement officer's reasonable suspicion "that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7. In justifying the stop, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). The reasonableness of the officer's actions is evaluated in light of the totality of the circumstances surrounding the stop. *State v. Freeman*, 64 Ohio St.2d 291 (1980), paragraph one of the syllabus. This is because:

> The reasonable suspicion necessary for such a stop * * * eludes precise definition. Rather than involving a strict, inflexible standard, its determination involves a consideration of "the totality of the circumstances." *United States v. Cortez*, 449 U.S. 411, 417 (1981). Under this analysis, "both the content of information possessed by police and its degree of reliability" are relevant to the court's determination. *Alabama v. White*, 496 U.S. 325, 330 (1990).

*Maumee v. Weisner*, 87 Ohio St.3d 295, 299 (1999).

{¶7} When the officer who conducts an investigatory traffic stop relies solely on the information provided through dispatch, "the state must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity." *Id*. at 298. When, in turn, the dispatch is based on information provided by an informant's tip, "the determination of reasonable suspicion will be limited to an examination of the weight and reliability due that tip. The appropriate analysis, then, is whether the tip itself has sufficient indicia of reliability to justify the investigative stop." *Id*. at 299. Relevant factors in this

determination include "the informant's veracity, reliability, and basis of knowledge." *Id*., citing *White*, 496 U.S. at 330. In making this determination, courts consider whether the informant can be classified as an anonymous tipster, a known confidential informant, or an identified citizen informant. *Weisner* at 300. As a general rule, anonymous informants are "comparatively unreliable," and a tip "will generally require independent police corroboration." *Id*., citing *White* at 329. On the other hand:

> an identified citizen informant may be highly reliable and, therefore, a strong showing as to the other indicia of reliability may be unnecessary: "[I]f an unquestionably honest citizen comes forward with a report of criminal activity – which if fabricated would subject him to criminal liability – we have found rigorous scrutiny of the basis of his knowledge unnecessary."

*Weisner* at 300, quoting *Illinois v. Gates*, 462 U.S. 213, 233-234 (1983).

{¶8} With regard to the trial court's factual determinations, Mr. Dellagnese's argument is not well taken. Officer Daniel Reilly initiated a traffic stop based on information relayed via radio traffic that conveyed the description of Mr. Dellagnese's vehicle, his license plate number, and a description of erratic driving provided by the citizen who called 911. That citizen testified during the hearing on the motion to suppress, and his testimony supports the trial court's conclusion that he was an identified citizen informant. Specifically, the 911 caller was informed that he might receive a follow-up call from the police, and as he testified, "the next day the Fairlawn police officer did call me, verified what I had told the dispatcher the night before[.]" Officer Reilly also testified that he "made sure we had [the witness's] information, his name and phone number."

{¶9} Because the trial court's conclusion is supported by competent, credible evidence, this Court must accept it as true for purposes of reviewing the trial court's legal conclusion that the stop of Mr. Dellagnese's vehicle was supported by reasonable suspicion. *See Burnside*,

2003-Ohio-5372, at ¶ 8. Because the 911 caller was an identified citizen informant, we may ascribe a high degree of reliability to the information that he provided, and it need not be supported by independent observations by Officer Reilly. *Weisner* at 300. The record demonstrates that in this case, the 911 caller observed erratic driving for some distance before his wife urged him to call. During that time, he saw the vehicle going "extremely fast for the speed limit," observed as the driver pulled alongside, accelerated quickly, and then cut off the path of his own vehicle at several intersections, and witnessed a near-accident involving another vehicle and the Range Rover. The caller provided a precise description of the vehicle and its location, the call was placed immediately after the observations were made, and the caller's motivation was fear that the driver of the Range Rover would cause an accident.

{¶10} These factors lend credibility to the caller's account and provide sufficient indicia of reliability to justify the traffic stop. *Accord State v. Rapp*, 9th Dist. Wayne No. 12CA0062, 2013-Ohio-4408, ¶ 11; *State v. Savaria*, 9th Dist. Summit No. 25977, 2012-Ohio-1443, ¶ 8; *State v. Roberts*, 9th Dist. Summit No. 20355, 2001 WL 490014, *2 (May 9, 2001). Thus, upon our de novo review of the trial court's decision, we conclude that Officer Reilly acted upon reasonable suspicion based upon the information provided by the 911 caller, and the investigatory stop of Mr. Dellagnese's vehicle was constitutionally valid.

{¶11} The trial court did not err by denying Mr. Dellagnese's motion to suppress, and his assignment of error is overruled.

III.

{¶12} Mr. Dellagnese's assignment is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

LAWRENCE J. WHITNEY, Attorney at Law, for Appellant.

PATRICIA AMBROSE, Director of Law, GERTRUDE WILMS, Chief City Prosecutor, and MARISSA M. PAPPAS, Assistant City Prosecutor, for Appellee.