[Cite as *State v. Buckingham*, 2025-Ohio-1688.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2024CA0095-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIEL T. BUCKINGHAM | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. TRC2302703 |

DECISION AND JOURNAL ENTRY

Dated: May 12, 2025

HENSAL, Judge.

{¶1}   Daniel Buckingham appeals an order of the Wadsworth Municipal Court that denied his motion to suppress.  This Court affirms.

I.

{¶2}   On the evening of September 8, 2023, the passenger in a car traveling on Route 94 in Wadsworth called 911 because the car in front of her was swerving across the lanes of travel. The caller and her boyfriend, who was driving, followed the car for approximately fifteen minutes while the caller spoke with the 911 operator and provided the vehicle's license plate.  At that point, the driver of the car turned into a driveway, stopped, and exited the vehicle.  A Wadsworth police officer responded to Mr. Buckingham's residence.  The officer noted that the license plate of a car in the driveway matched the one that the caller had provided.  He also observed that the dash lights were still illuminated and the engine was still warm.  The officer knocked on the front door, and after a few minutes, Mr. Buckingham answered and stepped from the threshold to the front porch.

After he noted several indications that Mr. Buckingham was under the influence of alcohol, the officer arrested him. Testing conducted after his arrest indicated that Mr. Buckingham had a breath-alcohol concentration of .204.

{¶3} Mr. Buckingham was charged with driving while under the influence of alcohol and driving with a prohibited blood-alcohol concentration. He filed a motion to suppress based on the premise that the officer conducted a traffic stop without a reasonable articulable suspicion of criminal activity. He also argued that the officer did not have probable cause to arrest him. The trial court noted that "[Mr. Buckingham] was arrested at his home" and "[t]here was no actual 'traffic stop' . . . ." The trial court then determined that the officer acted reasonably and concluded that the officer had probable cause to arrest Mr. Buckingham.

{¶4} Mr. Buckingham pleaded no contest to the charges. The trial court found him guilty and sentenced him to sixty days in jail, with fifty-seven days suspended; suspended his driver's license for one year; fined him $375; and assessed six points to his driver's license. Mr. Buckingham appealed the order that denied his motion to suppress, assigning two errors.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT'S FINDING WAS IN ERROR WHEN IT FOUND THE OFFICERS HAD REASONABLE SUSPICION TO DETAIN DEFENDANT BASED UPON INFORMATION PROVIDED BY AN IDENTIFIED INFORMANT.

{¶5} In his first assignment of error, Mr. Buckingham argues that the trial court erred by determining that the trial court had reasonable and articulable suspicion that justified an investigatory stop.

{¶6} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of

witnesses and resolve questions of fact. Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Id.* . Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.* In other words, this Court accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist. 1997).

{¶7} "The Fourth Amendment's requirement that searches and seizures be founded upon an objective justification, governs all seizures of the person, 'including seizures that involve only a brief detention short of traditional arrest.'" *United States v. Mendenhall*, 446 U.S. 544, 551 (1980), quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975). Brief investigatory stops, for example – such as traffic stops – are permitted by the Fourth Amendment "when a law enforcement officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Navarette v. California*, 572 U.S. 393, 397 (2014), quoting *United States v. Cortez*, 449 U.S. 411, 417-418 (1981). Nonetheless, not every interaction between police and citizens involves a "seizure" for purposes of the Fourth Amendment. *Mendenhall* at 552, quoting *Terry v. Ohio*, 392 U.S. 1, 19, fn. 16 (1968). "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *Id.*, quoting *Terry* at 19, fn. 16. *See also State v. Hale*, 2024-Ohio-4866, ¶ 14. The determining factor is whether, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Mendenhall* at 554.

{¶8} Mr. Buckingham has not challenged the trial court's findings of fact. With respect to Mr. Buckingham's first assignment of error, the trial court found that the officer was dispatched to respond to a report regarding a vehicle driving erratically. According to the trial court, the officer did not observe the vehicle in operation but, instead, arrived at Mr. Buckingham's residence. The trial court found that after observing the car in the driveway, the officer knocked on the front door of the residence. Mr. Buckingham answered the door and "voluntarily stepped outside onto his front porch where he [was] questioned by the police."

{¶9} The trial court concluded that there was no traffic stop in this case. This Court agrees. There is no indication in the record that the officer restrained Mr. Buckingham's liberty through physical force or a show of authority. As the trial court noted, Mr. Buckingham "voluntarily" answered the officer's knock and stepped onto his front porch where he engaged in conversation with the officer. The officer asked Mr. Buckingham to perform field sobriety tests, but he refused. Having reached the conclusion that there was no stop, however, the trial court went on to analyze whether there was reasonable suspicion to justify a stop. This was unnecessary because there was no investigatory stop for purposes of the Fourth Amendment before Mr. Buckingham was arrested. *See Mendenhall* at 552, quoting *Terry* at 19, fn. 16. Mr. Buckingham's first assignment of error is overruled on that basis.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT'S FINDING WAS IN ERROR WHEN IT FOUND THE OFFICERS HAD PROBABLE CAUSE TO ARREST [MR. BUCKINGHAM] BASED UPON THE TOTALITY OF THE CIRCUMSTANCES.

{¶10} Mr. Buckingham's second assignment of error argues that the trial court erred by denying his motion to suppress on the basis that his warrantless arrest was not supported by probable cause. This Court does not agree.

{¶11} A police officer may make a warrantless arrest for driving under the influence even if the offense was not committed in the officer's presence as long as the officer "has probable cause to believe that the suspect was operating a motor vehicle while under the influence of alcohol or drugs." *State v. Buehl*, 2000 WL 108877, *3 (9th Dist. Jan. 26, 2000), quoting *State v. Henderson*, 51 Ohio St.3d 54, 56 (1990). In general, a warrantless arrest in a public place that is based on probable cause does not violate the Fourth Amendment. *State v. Jordan*, 2021-Ohio-3922, ¶ 28, quoting *State v. Brown*, 2007-Ohio-4837, ¶ 66. "[A] person standing in the doorway of a house is 'in a "public" place,' and hence subject to arrest without a warrant permitting entry of the home." *Illinois v. McArthur*, 531 U.S. 326, 335 (2001), quoting *United States v. Santana*, 427 U.S. 38, 42 (1976). The same holds true with respect to a porch adjacent to a doorway. *See id.* (rejecting the position that a porch is part of a person's home for purposes of the Fourth Amendment).

{¶12} The constitutionality of an arrest depends on whether the officers had probable cause at the moment the arrest was made. *Jordan* at ¶ 19. "When a warrantless arrest is challenged on constitutional grounds, the court must determine whether the facts known to the officers at the time of the arrest would 'warrant a man of reasonable caution in the belief' that an offense has been committed.'" *Id.*, quoting *Beck v. Ohio*, 379 U.S. 89, 96 (1964). In determining whether an officer had probable cause for an arrest, this Court must consider the totality of the circumstances surrounding the arrest. *See Illinois v. Gates*, 462 U.S. 213, 230-231 (1983). Probable cause in the context of a warrantless arrest may be established through information provided in a tip. *Draper v. United States*, 358 U.S. 307, 311-314 (1959). In that situation, the basis of the informant's knowledge and the informant's reliability are part of the totality of the circumstances. *Gates* at 233. For example,

> if an unquestionably honest citizen comes forward with a report of criminal activity—which if fabricated would subject him to criminal liability—we have

found rigorous scrutiny of the basis of his knowledge unnecessary. *Adams v. Williams*, [407 U.S. 143, 147 (1972)]. Conversely, even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case.

*Id*. at 233-234. *See also Maumee v. Weisner*, 87 Ohio St.3d 295, 299-300 (1999) (applying these principles in the context of determining whether an investigatory stop was supported by reasonable suspicion).

{¶13} As with Mr. Buckingham's first assignment of error, his second assignment of error does not challenge the trial court's findings of fact. The trial court found that the passenger in another vehicle called 911 to report that the car in front of her was consistently weaving. The caller, who provided her name to the dispatcher and testified during the suppression hearing, described the car's appearance and provided its make, model, and license plate number. The trial court found that the caller stayed on the line with the 911 dispatcher and provided contemporaneous observations of the car's movements, noting that it almost left the road, nearly hit a bridge, turned erratically, and swerved into the oncoming lane. The trial court observed that the caller followed the car for approximately fifteen minutes until the car turned into a residential driveway and the driver exited the vehicle. As the trial court noted, the caller expressed concern that other drivers were in danger.

{¶14} With respect to the officer's observations, the trial court found that the officer observed that Mr. Buckingham's car was still warm when he arrived at the residence and that the dashboard lights were still illuminated. The trial court noted that the officer observed "that when [Mr. Buckingham] came to the door he was disheveled, had glassy, bloodshot eyes, slurred speech, was swaying back and forth[,] and emitted a strong odor of alcohol." The trial court found that Mr. Buckingham told the police that he was the only person home.

7

{¶15} Because Mr. Buckingham was standing outside his house on the front porch, he was in a public place and a warrantless arrest was appropriate if supported by probable cause. *See McArthur*, 531 U.S. at 335. The caller provided her name and a description of the vehicle, and she described the vehicle's erratic behavior while following it for approximately fifteen minutes. The basis of her knowledge was her sustained, contemporaneous observations and, because she was an "identified citizen informant," this Court can "ascribe a high degree of reliability to the information that [she] provided, and it need not be supported by independent observations by [the officer]." *See State v. Dellagnese*, 2015-Ohio-4349, ¶ 9 (9th Dist.). The officer learned that the vehicle was registered to Mr. Buckingham and arrived at Mr. Buckingham's residence only a short time after the caller saw him turn into the driveway, as demonstrated by the officer's observation that the hood of the car was still warm and the dashboard lights were still illuminated. Mr. Buckingham acknowledged that he was the only person at home, and the officer noted that he "was disheveled, had glassy, bloodshot eyes, slurred speech, was swaying back and forth[,] and emitted a strong odor of alcohol."

{¶16} The totality of the circumstances known to the officer at the time of the arrest would warrant a man of reasonable caution in the belief that Mr. Buckingham had been driving under the influence of alcohol. *See Jordan*, 2021-Ohio-3922, at ¶ 19, quoting *Beck*, 379 U.S. at 96. The trial court, therefore, did not err by determining that the officer had probable cause to arrest Mr. Buckingham. His second assignment of error is overruled.

III.

{¶17} Mr. Buckingham's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

LAWRENCE SPOLJARIC, Attorney at Law, for Appellant.

JARED C. ROBERTS, Assistant Director of Law, for Appellee.